UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PATRICK M. BROWNING,

                Plaintiff,                              3:18 Civ. 0285 (DNH)(DEP)

    -against-

NORFOLK SOUTHERN RAILWAY CORP.,

                Defendant.

------------------------------------------------------------------------X

## CIVIL CASE MANAGEMENT PLAN

**IT IS HEREBY ORDERED that,** Pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable DAVID E. PEEBLES, United States Magistrate Judge on **July 24, 2018 at 10:00 AM** at the United States District Courthouse, Syracuse, New York.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21) days** before the scheduled Rule 16 Conference. Following that Rule 26(f), a report of the results of that meeting, in the format set forth below, must be filed with the clerk no later than **seven (7) days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if the parties disagree):

**1) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before the ___30th___ day of _____July_____, 2018.

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before the __30th___ day of ___July_____, 2018.

**3) DISCOVERY:** All discovery in this action shall be completed on or before the __29th__ day of March___, 2019. **(Discovery time table is to be based on the complexity of the action)**

**4) MOTIONS:** All motions, including discovery motions, shall be made on or before the __28th_ day of ____February_____, 2019. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before the __9th_ day of __September__, 2019. It is anticipated that the trial will take approximately __4___ days to complete. The parties request that the trial be held in __Binghamton___, New York. **(The proposed date for the commencement of trial must be within 18 months of the filing date.)**

**6) HAVE THE PARTIES FILED A JURY DEMAND:** ___X_____(YES)/ _____(NO).

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**
Jurisdiction is not disputed. All parties have been served.

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIM AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**
Plaintiff brings his claim pursuant to the Federal Rail Safety Act, 49 U.S.C. § 20109 (FRSA), insofar as he was in the course of his duties at the time of the incident and in furtherance of defendant's business in interstate commerce, engaged in protected activity and suffered adverse action as a result.
Defendant denies that any allegedly protected activity was a contributing factor in any actions taken against Plaintiff. On the contrary, Defendant contends that Plaintiff was properly subject to disciplinary action for legitimate, non-retaliatory reasons, and that Plaintiff would have been subject to the same discipline even in the absence of any protected activity.

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**
Whether plaintiff engaged in protected activity; whether there was adverse action and damages stemming therefrom. Whether any protected activity by plaintiff was a contributing factor in any adverse action taken by defendant and whether defendant would have taken the same action in the absence of any allegedly protected activity by plaintiff.

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUED APPROPRIATE FOR DECISION ON MOTION?**
Not presently.

**11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**
Plaintiff will claim wage loss, unreimbursed/unpaid medical treatment and co-pays, past and future compensatory damages. Plaintiff also seeks punitive damages, costs and attorney fees, all in amounts to be determined by a jury.

**12) DISCOVERY PLAN:**

    **A. Mandatory Disclosures**

    The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least **seven (7) days** prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

    **B. Subjects of Disclosure**

    The parties jointly agree that discovery will be needed to address the following subjects:
    Liability, causation and damages.

### C. Discovery Sequence

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.
The parties do not anticipate completing discovery in phases.

### D. Written Discovery

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

Interrogatories & Request for Production of Documents have been served by plaintiff and defendant. Depositions of the Parties to be completed by **1/31/19** ; Plaintiff to provide Expert Witness Disclosure by **2/15/19** ; Defendant to provide Expert Witness Disclosure by **3/15/19**

### E. Depositions

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

Plaintiff anticipates taking 8 depositions of defendant's employees, the location to be determined. The need for non-party fact depositions is not yet known. Defendant anticipates taking plaintiff's deposition and the depositions of additional witnesses to be identified during discovery.

### F. Experts

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the Court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosure at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

See Section "D" above.

### G. Electronic Discovery

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement

has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

    1. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information.

If such documents exist, Defendant shall retain, until conclusion of this lawsuit, all emails, computer notes, computer logs, computer generated reports, memorandum or documents prepared by members of defendant's Medical Department, Safety Department, Claims Department, Labor Department, and/or Crew Management Department pertaining to any of the following:

- Plaintiff's reporting of improper banner testing in 2014 through present
- Plaintiff being banned from Canadian Pacific property in February and March 2016
- Plaintiff allegedly failing to sound locomotive horn in proper cadence in February 2016
- Plaintiff reporting a tick bite in April 2016
- Plaintiff being requested to provide medical information based on the April 2016 tick bite
- Plaintiff allegedly falsifying engine claims in January 2017
- Plaintiff being brought up on disciplinary charges from 2014 through 2017

If such documents exist, Plaintiff shall retain, until the conclusion of this lawsuit, all emails, computer notes, computer logs, diaries, memoranda, phone records and financial records relating to any of the following:

- Plaintiff's reporting of improper banner testing in 2014
- Plaintiff being banned from Canadian Pacific property in February and March 2016
- Plaintiff allegedly failing to sound locomotive horn in proper cadence in February 2016
- Plaintiff reporting a tick bite in April 2016
- Plaintiff being requested to provide medical information based on the April 2016 tick bite
- Plaintiff allegedly falsifying engine claims in January 2017
- Plaintiff being brought up on disciplinary charges from 2014 through 2017

Plaintiff shall also retain all emails to any and all co-employees or any and all union representatives, concerning any facts or issues that form the subject matter of the complaint.

    2. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims or privilege after production.

    If electronically stored information is produced in discovery and is subject to a claim of privilege or of protection as trial preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly sequester the information and any copies it has and may not use or disclose the information until the claim is resolved. If the receiving party does not dispute the producing parties' claim of privilege or work product, the receiving party shall promptly return the information or destroy it. If the receiving party disputes the privilege or work product claim, it may present the information to the

Court under seal for a determination of the claim, or the receiving party may inform the producing party in writing that it disputes the claim and the disclosing party may then promptly move the Court for an Order to return the electronically stored information. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

3. The parties have reached an agreement on the manner of production:

If electronically stored information is produced in discovery, it shall be exchanged electronically in.pdf format by CD or file share. Requests to produce specific electronically stored information in native or another format will be discussed on a case by case basis should the need arise.

### H. Protective Orders

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

The parties anticipate requesting a protective order to preserve the confidentiality of any personnel records of other employees.

### I. Anticipated Issues Requiring Court Intervention

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

None at this time.

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**
Unable to evaluate at this time.

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**
No.

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**
Not applicable.

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT: Please circle below the prospect for settlement.**

1---2---3---4---5---6---7---8---9---10
(VERY UNLIKELY) ----------------------(LIKELY)

CANNOT BE EVALUATED PRIOR TO ___ 2/1/19 _____(DATE)

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**
Non-binding mediation and/or judicial settlement conference.

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference.)*

**COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE.** – *Subject to Mandatory Mediation under General Order #47.*

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING MANDATORY MEDIATION CASE, CONFIRM YOU HAVE:**

- A. Reviewed General Order #47?        **YES**
- B. Reviewed the List of Court Approved Mediators available on the NDNY website?
   **YES**
- C. Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program?        **YES**
- D. Discussed the time frame needed to complete Mandatory Mediation?
   **YES**

*************************************************************************

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on __7/12/18__ at ____ by telephone ___ and was attended by:

_____ for plaintiff(s) _____Patrick M. Browning_____
Flynn & Wietzke, PC by Marc Wietzke, Esq.

_____ (w/ consent)
_____ for defendant(s) _____Norfolk Southern Railway Co._____
Cozen O'Connor by Andrew J. Rolfes                (party name)

_____ for defendant(s) _____
                                                 (party name)

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this Order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

*Please detach this case management plan form and file electronically with the clerk at least fourteen (14) days in advance of the conference date.*